UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61016-CIV-COHN/SELTZER

CHRISTOPHER BERNARD FULLER, SR.,

      Plaintiff,

v.

BROWARD COUNTY MASS TRANSIT
(OFFICE OF TRANSPORTATION) and
AMALGAMATED TRANSIT UNION
LOCAL 1267,

      Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BROWARD COUNTY MASS TRANSIT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Broward County Mass Transit's Motion to Dismiss [DE 11]. The Court has considered the Motion, Plaintiff's Response [DE 32], the record in this case, and is otherwise advised in the premises.

## I. BACKGROUND

1. **Relevant Facts**

According to the Complaint, Plaintiff accepted a position as a bus operator with Broward County Mass Transit ("County") on March 27, 2006. (Compl. ¶ 6). After completing a training program, Plaintiff commenced a six-month probationary period on May 22, 2006. (Id. ¶ 8). On June 1, 2006, Plaintiff received a membership card and certificate as a member of the Amalgamated Transit Union Local 1267 ("Union") on June 1, 2006. (Id. ¶ 9). On June 5, 2006, Plaintiff complained of having abdominal pains and was sent home to seek medical attention. (Id. ¶ 10). The next day Plaintiff underwent surgery to remove his appendix. (Id. ¶ 11). While recovering from surgery,

Plaintiff provided the County with a doctor's note requesting light duty. (Id. ¶ 12). Plaintiff's supervisor, Patrick Cunningham, advised Plaintiff that because he was still on probation, Plaintiff was not entitled to light duty; therefore, Plaintiff could not return to work until he was 100%. (Id. ¶¶ 13-14). Plaintiff returned to work on June 26, 2006. (Id. ¶ 15).

On July 28, 2006, Plaintiff received a performance evaluation which found that his performance was satisfactory but his attendance was below average. (Id. ¶ 18). On August 23, 2006 and September 13, 2006, Plaintiff was absent from work due to pinkeye. (Id. ¶¶ 19, 21). On September 25, 2006, Plaintiff received another satisfactory work evaluation, however, his supervisor did raise the issue of Plaintiff's attendance record. (Id. ¶ 22). On October 18, 2006, Plaintiff received a probation rejection letter due to his medical conditions. (Id. ¶ 23). On October 24, 2006, Plaintiff applied for a position as Coach Service Attendant and on October 31, 2006, Plaintiff took a test for said position. (Id. ¶ 24).

Plaintiff interviewed for the position of Coach Service Attendant on December 13, 2006. (Id. ¶ 28). Between January 2, 2007 and March 6, 2007, Plaintiff received two emails informing him that the Coach Service Attendant positions had been filled. (Id. ¶ 29). On March 28, 2007, Plaintiff received an email setting up another interview for the position of Coach Service Attendant. (Id. ¶ 30). The Complaint does not specify whether that interview ever occurred.

2.  **Complaints**

On November 9, 2006, Plaintiff filed a complaint with the Broward County Office of Equal Opportunity ("BCOEO") alleging discrimination on the basis of race and under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"). (Compl. ¶ 25). Plaintiff received an email on September 17, 2007 from the BCOEO stating that there was nothing to suggest that Plaintiff had been discriminated against. (Id. ¶ 34).

2

In addition, on August 31, 2007, Plaintiff filed a complaint with the Florida Commission on Human Relations ("FCHR") which was also filed with the Equal Employment Opportunity Commission ("EEOC"). (Id. ¶ 31). On October 9, 2007, Plaintiff amended his FCHR complaint to include claims for retaliation and denial of future opportunity. (Id. ¶ 35). On April 30, 2008, Plaintiff received a Notice of Dismissal from FCHR after he voluntarily withdrew the complaint. (Id. ¶ 37; Exhibit A to Compl.).

3.   **Plaintiff's Claims in This Action**

Plaintiff's Complaint, filed *pro se*, names the County and the Union as Defendants and alleges violations of the ADA and Title VII of the Civil Rights Act of 1964. The Complaint asserts the following claims: (1) Defendants failed to provide the Plaintiff with reasonable accommodations pursuant to the ADA ("Count I"); (2) Defendants' failure to provide reasonable accommodations was based on race ("Count II"); (3) Defendants retaliated against Plaintiff by denying him employment opportunities because he filed complaints with the BCOEO and FCHR ("Count III"); (4) Defendants extended Plaintiff's probationary period because of his race "Count IV");[1] and (5) Defendants failed to comply with Broward County's policy regarding ADA accommodations ("Count V"). (Compl. ¶¶ 1-5). Each Defendant filed a motion to dismiss the Complaint.

## II. LEGAL STANDARD

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests."

---

[1] The Complaint alleges that the County sent Plaintiff a "probation rejection letter" which the Court assumes extended his initial probationary period of employment. (Compl. ¶ 23).

3

Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). The Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

At this stage in the litigation, the Court must consider the allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

### III. ANALYSIS

**1.   Plaintiff Fails to State a Claim Under the ADA**

In order to state a claim under the ADA, Plaintiff must allege that (1) he has a disability, as that term is defined under the ADA; (2) he is qualified to perform the essential functions of employment with or without accommodation; and (3) he suffered discrimination because of his disability. Reed v. Heil Co., 206 F.3d 1055, 1061 (11th

Cir. 2000). Plaintiff fails to state a claim because he does not, and cannot, establish that he suffered from a disability which is defined under the ADA as a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A).

The ADA claims raised in the Complaint are based on allegations that Plaintiff underwent surgery to remove an appendix and had pinkeye on two occasions. Courts have found that such temporary ailments do not constitute a "disability" under the ADA. See Ogborn v. United Food and Commercial Workers Union, Local No. 881, 305 F.3d 763, 767 (7th Cir. 2002) (finding that "intermittent, episodic impairments such as broken limbs and appendicitis are not disabilities" under the ADA); Hubbard v. Pleasant Valley Sch. Dist., 2006 WL 42093, *5 (M.D. Pa. Jan. 6, 2006) (same). The Complaint does not allege that the appendectomy resulted in any long-term impairments that substantially limited Plaintiff's ability to work. Instead, the Complaint alleges that the County did not permit Plaintiff to return to work until he was "100%" and that he in fact returned to work on June 26, 2006. See Compl. ¶¶ 14-15. Therefore, Plaintiff's ADA claims, Counts I and V, against the County are dismissed with prejudice as the Court concludes that amendment of Plaintiff's ADA claims would be futile. See Cox v. Kempton Co., 2008 WL 2660974, *7 (W.D. Okla. June 26, 2008); Harding v. Ellwood Specialty Steel, LLC, 2007 WL 1454272, *4 (W.D. Pa. May 17, 2007).

2.   **The Complaint's Race Discrimination Claims Under Title VII Must Be Dismissed**

A plaintiff seeking to bring a lawsuit pursuant to Title VII must file a charge with the EEOC within a specified time period after the alleged discrimination occurred. 42

U.S.C. § 2000e-5(e)(1); Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618, 127 S.Ct. 2162, 2166, 167 L.Ed.2d 982 (2007). In states with an agency with authority to grant or seek relief with respect to the alleged discrimination, including Florida, the time period is 300 days after the discrimination occurred. See 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002). For the purposes of the statute, a discrete act of discrimination, such as a termination, "occurs" on the date it happened. Morgan, 536 U.S. at 110. The Supreme Court has held that, to the extent that an employee seeks recovery for discrete acts of alleged discrimination, only those acts occurring within 300 days of the date that an employee filed a charge with the EEOC are actionable under Title VII. See Morgan, 536 U.S. at 105.

Here, Plaintiff alleges that he filed complaints with the FCHR and the EEOC on August 31, 2007, and that he amended his FCHR complaint on October 9, 2007 to include claims for retaliation and denial of future opportunity. (Compl. ¶¶ 31, 35). In Count II, Plaintiff alleges that the County denied Plaintiff the reasonable accommodation of light duty because of race. (Id. ¶ 2). Based on the allegations in the Complaint, it appears that Plaintiff's request for light duty was rejected in or around June 2006. (See id. ¶¶ 11-15). In Count IV, Plaintiff alleges that the County failed to terminate Plaintiff's initial probationary period on October 18, 2006 because of Plaintiff's race. (Id. ¶¶ 4, 23). Because these alleged acts of discrimination did not occur within 300 days of the date Plaintiff filed his complaint with the EEOC, such acts may not form the basis of a discrimination claim. Therefore, Count II is dismissed with prejudice to the extent that it is based on an act taken by the County in June 2006 and Count IV is

dismissed with prejudice to the extent that it is based on an act taken by the County taken on October 18, 2006.

### 3. The Complaint States a Valid Claim for Retaliation Against the County Under the Opposition Clause

A retaliation claim under Title VII may be brought by an employee that has suffered an adverse action in connection with the employee engaging in a statutorily protected activity. Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1297 (11th Cir. 2006). An "adverse action" means that a plaintiff must show that "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (quotations omitted); see also Crawford v. Carroll, 529 F.3d 961 (11th Cir. 2008). The definition of a "protected activity" depends on the nature of the retaliation claim, i.e., whether it is brought under the participation clause or the opposition clause.

"[The participation] clause protects proceedings and activities that occur in conjunction with or after the filing of a formal charge with the EEOC; it does not include participating in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC." EEOC v. Total System Services, Inc., 221 F.3d 1171, 1174 (11th Cir. 2000) ("Total System I").[2] On the other hand, a claim brought under the

---

[2] But see EEOC v. Total System Servs., 240 F.3d 899 (11th Cir. 2001) ("Total System II") (denying Petition for Rehearing En Banc of Total System I). In her dissent in Total System II, Judge Barkett argued that an employee's participation in an internal investigation should be protected from retaliation under Title VII's participation clause because (1) Title VII does not explicitly state that protection for retaliation exists

opposition clause only requires an employee to voice his concerns to superiors about suspected illegal conduct under Title VII; it does not require the initiation of a Title VII proceeding or investigation.  Rollins v. Fla. Dep't. Of Law Enforcement, 868 F.2d 397, 400 (11th Cir. 1989) (per curiam) ("[W]e recognize that the protection afforded by the statute is not limited to individuals who have filed formal complaints, but extends as well to those, like [the plaintiff], who informally voice complaints to their superiors.").

Title VII provides almost absolute protection to "employees against retaliation for their participation in the procedure established by [it] to enforce its provisions." Payne v. McLemore's Wholesale & Retail Stores, 654 F.2d 1130, 1135 (5th Cir. 1981).  In contrast, "the protection afforded" those who oppose unlawful practices under the opposition clause "is not absolute." Rollins, 868 F.2d at 401.  In such a case, the employee must show that "he opposed an unlawful employment practice which he reasonably believed had occurred or was occurring." Bigge v. Albertsons, Inc., 894 F.2d 1497, 1503 (11th Cir. 1990).  Although a plaintiff need not prove that the opposed conduct actually was unlawful under Title VII, "the allegations and record must . . . indicate that the belief, though perhaps mistaken, was objectively reasonable." Little v. United Technologies, Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997).  The

---

only after an EEOC complaint has been filed; (2) Supreme Court case law which requires employees to take part in any preventative or corrective opportunities provided by employer makes participation in internal investigations an essential part of the Title VII framework; and (3) Title VII's participation clause should be interpreted to cover internal investigations in light of the principle that remedial legislation should be construed broadly.  Nevertheless, Total System I makes clear that Plaintiff in this action may not bring a retaliation claim under the participation clause based on any adverse actions which allegedly occurred as a result of an internal investigation or complaint that is not related to measures taken in conjunction with the EEOC.

objective reasonableness of this belief "must be measured against existing substantive law." Clover v. Total System Services, Inc., 176 F.3d 1346, 1351 (11th Cir. 1999).

In the Motion to Dismiss, the County argues that the complaint filed with the BCOEO on November 9, 2006 does not qualify as protected activity for purposes of Plaintiff's retaliation claim. (MTD at 7 n.3). The County is correct with respect to a participation claim, however, the applicable law does not preclude Plaintiff from bringing a claim for retaliation under the opposition clause. Under the opposition clause, Plaintiff engaged in protected activity when he filed a complaint with the BCOEO on November 9, 2006. The Complaint alleges that on January 2, 2007 and March 6, 2007, Plaintiff received emails indicating that he was passed over for a promotion to a position as a Coach Service Attendant. (Compl. ¶ 29). Plaintiff further alleges that he was denied "other employment opportunities" within the County because he filed complaints with the BCOEO. Id. ¶ 3. The Court finds that this alleged conduct might well dissuade a reasonable employee from engaging in protected activity. See White, 548 U.S. at 68. Accordingly, the County's Motion to Dismiss the retaliation claim alleged in Count III of the Complaint is denied.

4.  **Plaintiff May Not Recover Punitive Damages From the County**

The Civil Rights Act of 1991 allows a Title VII plaintiff to recover punitive damages in certain circumstances; however, it expressly precludes recovery of punitive damages from governments, government agencies, and political subdivisions. 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . ."); see also Alexander v. Fulton County, Ga., 207 F.3d 1303, 1322

(11th Cir. 2000), overruled on other grounds, Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003); McGriff v. Decatur County Sheriff's Office, 2005 U.S. Dist. LEXIS 16866, at * 2 (M.D.Ga. Aug. 9, 2005) ("Title VII plaintiffs may not recover punitive damages against governments and government agencies or political subdivisions."). Accordingly, Plaintiff may not seek punitive damages from County.

5. **Plaintiff May File an Amended Complaint**

Count III of the Complaint will go forward and Plaintiff's ADA claims are dismissed with prejudice. The Plaintiff may file an amended complaint which seeks to allege a valid discrimination claim under Title VII. However, any such claim must be based an adverse action that took place within 300 days of the date Plaintiff filed his complaint with the EEOC, i.e., acts occurring on or after November 4, 2006.

Plaintiff should also be aware that in order to establish a prima facie case under Title VII, a plaintiff demonstrate that (1) he is a member of a protected class; (2) he was qualified to do his job; (3) he was subjected to an adverse employment action; and (4) his employer treated employees outside of the protected class more favorably. See Springer v. Convergys Customer Management Group Inc., 509 F.3d 1344, 1348 n.2 (11th Cir. 2007); Walker v. Mortham, 158 F.3d 1177, 1186 (11th Cir. 1998); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). "The prima facie case . . . is an evidentiary standard, not a pleading requirement . . . ." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002). The Supreme Court explained that "[g]iven that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." Id. at 510-512. Accordingly, a complaint need not contain specific facts establishing these elements, however, it must

at least specify allegations in a manner that provides sufficient notice of the basis of a plaintiff's claims. See Cooley v. Great Southern Wood Preserving, 138 Fed. Appx. 149, 152 (11th Cir. 2005).

Plaintiff should also number each separate claim and clearly identify the factual allegations supporting each claim. See Fed. R. Civ. P. 10(b). To the extent Plaintiff seeks to file an amended complaint which names more than one defendant, Plaintiff must make clear which defendant is responsible for each factual allegation. In addition, a Title VII plaintiff may not pursue any claims in a federal court action that are not "like or related" to the claims asserted by the plaintiff in his EEOC complaint, or that could not reasonably be expected to arise during the course of the EEOC investigation. See Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir. 1985); Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970). In determining the permissible scope of an employment discrimination complaint brought under Title VII, the district court must first look to the EEOC charge. Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983). Therefore, Plaintiff should attach to any amended complaint that he may file in this action copies of all documents in his possession related to charges of discrimination that he has filed with the EEOC, the FCHR and the BCOEO.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Broward County Mass Transit's Motion to Dismiss [DE 11] is **GRANTED in part and DENIED in part**.

2. The Motion is **GRANTED** with respect to Counts I, II, IV and V. Plaintiff's

ADA claims, Counts I and V, against the County are **DISMISSED with prejudice**. In addition, Plaintiff's discrimination claims, Counts II and IV, against the County are **DISMISSED with prejudice** to the extent they are based on alleged acts of discrimination that occurred more than 300 days from the date Plaintiff filed his complaint with the EEOC

3. The Motion is **DENIED** with respect to Count III to the extent that Plaintiff's retaliation claim is brought under the opposition clause.

4. Plaintiff may file an amended complaint on or before **February 13, 2009**. The County shall file a response to the Complaint, or the amended complaint if one is filed, by **February 23, 2009**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of January, 2009.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Christopher Bernard Fuller, Sr., *pro se*
7806 Northwest 39th Court
Coral Springs, Fl 33065

Counsel of record via CM/ECF