UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61016-CIV-COHN/SELTZER

CHRISTOPHER BERNARD FULLER, SR.,

    Plaintiff,

v.

BROWARD COUNTY MASS TRANSIT
(OFFICE OF TRANSPORTATION) and
AMALGAMATED TRANSIT UNION
LOCAL 1267,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT AMALGAMATED TRANSIT UNION LOCAL 1267'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Amalgamated Transit Union Local 1267's Motion to Dismiss [DE 16]. The Court has considered the Motion, Plaintiff's Response [DE 32], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

**1.  Relevant Facts**

According to the Complaint, Plaintiff accepted a position as a bus operator with Broward County Mass Transit ("County") on March 27, 2006. (Compl. ¶ 6). After completing a training program, Plaintiff commenced a six-month probationary period on May 22, 2006. (Id. ¶ 8). On June 1, 2006, Plaintiff received a membership card and certificate as a member of the Amalgamated Transit Union Local 1267 ("Union") on June 1, 2006. (Id. ¶ 9). On June 5, 2006, Plaintiff complained of having abdominal

pains and was sent home to seek medical attention. (Id. ¶ 10). The next day Plaintiff underwent surgery to remove his appendix. (Id. ¶ 11). While recovering from surgery, Plaintiff provided the County with a doctor's note requesting light duty. (Id. ¶ 12). Plaintiff's supervisor, Patrick Cunningham, advised Plaintiff that because he was still on probation, Plaintiff was not entitled to light duty; therefore, Plaintiff could not return to work until he was 100%. (Id. ¶¶ 13-14). Plaintiff returned to work on June 26, 2006. (Id. ¶ 15).

On July 28, 2006, Plaintiff received a performance evaluation which found that his performance was satisfactory but his attendance was below average. (Id. ¶ 18). On August 23, 2006 and September 13, 2006, Plaintiff was absent from work due to pinkeye. (Id. ¶¶ 19, 21). On September 25, 2006, Plaintiff received another satisfactory work evaluation, however, his supervisor did raise the issue of Plaintiff's attendance record. (Id. ¶ 22). On October 18, 2006, Plaintiff received a probation rejection letter due to his medical conditions. (Id. ¶ 23). On October 24, 2006, Plaintiff applied for a position as Coach Service Attendant and on October 31, 2006, Plaintiff took a test for said position. (Id. ¶ 24).

Plaintiff interviewed for the position of Coach Service Attendant on December 13, 2006. (Id. ¶ 28). Between January 2, 2007 and March 6, 2007, Plaintiff received two emails informing him that the Coach Service Attendant positions had been filled. (Id. ¶ 29). On March 28, 2007, Plaintiff received an email setting up another interview for the position of Coach Service Attendant. (Id. ¶ 30). The Complaint does not specify whether that interview ever occurred.

2

2.  **Complaints**

On November 9, 2006, Plaintiff filed a complaint with the Broward County Office of Equal Opportunity ("BCOEO") alleging discrimination on the basis of race and under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"). (Compl. ¶ 25). Plaintiff received an email on September 17, 2007 from the BCOEO stating that there was nothing to suggest that Plaintiff had been discriminated against. (Id. ¶ 34). In addition, on August 31, 2007, Plaintiff filed a complaint with the Florida Commission on Human Relations ("FCHR") which was also filed with the Equal Employment Opportunity Commission ("EEOC"). (Id. ¶ 31). On October 9, 2007, Plaintiff amended his FCHR complaint to include claims for retaliation and denial of future opportunity. (Id. ¶ 35). On April 30, 2008, Plaintiff received a Notice of Dismissal from FCHR after he voluntarily withdrew the complaint. (Id. ¶ 37; Exhibit A to Compl.).

3.  **Plaintiff's Claims in This Action**

Plaintiff's Complaint, filed *pro se*, names the County and the Union as Defendants and alleges violations of the ADA and Title VII of the Civil Rights Act of 1964. The Complaint asserts the following claims: (1) Defendants failed to provide the Plaintiff with reasonable accommodations pursuant to the ADA ("Count I"); (2) Defendants' failure to provide reasonable accommodations was based on race ("Count II"); (3) Defendants retaliated against Plaintiff by denying him employment opportunities because he filed complaints with the BCOEO and FCHR ("Count III"); (4) Defendants extended Plaintiff's probationary period because of his race "Count IV");[1] and

---

[1] The Complaint alleges that the County sent Plaintiff a "probation rejection letter" which the Court assumes extended his initial probationary period of employment.

(5) Defendants failed to comply with Broward County's policy regarding ADA accommodations ("Count V"). (Compl. ¶¶ 1-5). Each Defendant filed a motion to dismiss the Complaint.

## II. LEGAL STANDARD

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). The Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

At this stage in the litigation, the Court must consider the allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can

---

(Compl. ¶ 23).

prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

### III. ANALYSIS

**1.   Plaintiff Fails to State a Claim Under the ADA**

In order to state a claim under the ADA, Plaintiff must allege that (1) he has a disability, as that term is defined under the ADA; (2) he is qualified to perform the essential functions of employment with or without accommodation; and (3) he suffered discrimination because of his disability. Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000). Plaintiff fails to state a claim because he does not, and cannot, establish that he suffered from a disability which is defined under the ADA as a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A).

The ADA claims raised in the Complaint are based on allegations that Plaintiff underwent surgery to remove an appendix and had pinkeye on two occasions. Courts have found that such temporary ailments do not constitute a "disability" under the ADA. See Ogborn v. United Food and Commercial Workers Union, Local No. 881, 305 F.3d 763, 767 (7th Cir. 2002) (finding that "intermittent, episodic impairments such as broken limbs and appendicitis are not disabilities" under the ADA); Hubbard v. Pleasant Valley Sch. Dist., 2006 WL 42093, *5 (M.D. Pa. Jan. 6, 2006) (same). The Complaint does not allege that the appendectomy resulted in any long-term impairments that substantially limited Plaintiff's ability to work. Instead, the Complaint alleges that the County did not permit Plaintiff to return to work until he was "100%" and that he in fact

returned to work on June 26, 2006. See Compl. ¶¶ 14-15. Therefore, Plaintiff's ADA claims, Counts I and V, against the Union are dismissed with prejudice as the Court concludes that amendment of Plaintiff's ADA claims would be futile. See Cox v. Kempton Co., 2008 WL 2660974, *7 (W.D. Okla. June 26, 2008); Harding v. Ellwood Specialty Steel, LLC, 2007 WL 1454272, *4 (W.D. Pa. May 17, 2007).

2.  **The Complaint Fails to State a Claim Against the Union**

The only factual allegations in the Complaint which concern the Union are (1) that Plaintiff received a membership card from the Union on June 1, 2006, (Compl. ¶ 9); and (2) that on June 27, 2006, Plaintiff had his first payroll deduction for union dues. (Id. ¶ 17). The remaining allegations that mention the Union are merely conclusory statements which are insufficient to state a claim against the Union. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (stating that for the purposes of a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Accordingly, Plaintiff's remaining claims, Counts II, III and IV, against the Union will be dismissed without prejudice. In determining whether to file an amended complaint that names the Union as a defendant, Plaintiff should consider the law set forth in the Court's Order Granting In Part and Denying In Part Defendant Broward County Mass Transit's Motion to Dismiss [DE 34].

### IV. CONCLUSION

In light of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Defendant Amalgamated Transit Union Local 1267's Motion to Dismiss

[DE 16] is **GRANTED**.

2. Plaintiff's ADA claims, Counts I and V, against the Union are **DISMISSED with prejudice**.

3. Plaintiff's remaining claims, Counts II, III and IV, against the Union are **DISMISSED without prejudice** to file an amended complaint.

4. Plaintiff may file an amended complaint on or before **February 13, 2009**. Any amended complaint must be in accordance with the law set forth in the Court's Order Granting In Part and Denying In Part Defendant Broward County Mass Transit's Motion to Dismiss [DE 34]. If Plaintiff does not file an amended complaint by February 13, 2009, the Union will be dismissed from this action with prejudice. If Plaintiff files an amended complaint which names the Union as a defendant, the Union shall respond by **February 23, 2009**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of January, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Christopher Bernard Fuller, Sr., *pro se*
7806 Northwest 39th Court
Coral Springs, Fl 33065

Counsel of record via CM/ECF