UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61016-CIV-COHN/SELTZER

CHRISTOPHER BERNARD FULLER, SR.,

       Plaintiff,

v.

BROWARD COUNTY MASS TRANSIT
(OFFICE OF TRANSPORTATION) and
AMALGAMATED TRANSIT UNION
LOCAL 1267,

       Defendants.
_____/

## ORDER DENYING AMALGAMATED TRANSIT UNION LOCAL 1267'S MOTION FOR TAXATION OF ATTORNEY'S FEES AND COSTS

**THIS CAUSE** is before the Court on Defendant Amalgamated Transit Union Local 1267's Motion for Taxation of Attorney's Fees and Costs [DE 44]. The Court has considered the Motion, the attachments thereto, Plaintiff's Response [DE 50], the record in this case, and is otherwise advised in the premises.

On July 2, 2008, Plaintiff filed his Complaint [DE 1] *pro se* naming Broward County Mass Transit ("BCMT") and the Amalgamated Transit Union Local 1267 ("Union") as Defendants and alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA") and Title VII of the Civil Rights Act of 1964. Each Defendant filed a motion to dismiss the Complaint. On January 16, 2009, this Court entered (1) an Order [DE 35] dismissing the Complaint in its entirety against the Union, and (2) an Order [DE 34] dismissing four of the five counts alleged against BCMT, allowing only Plaintiff's retaliation claim to survive.

On February 13, 2009, Plaintiff filed his Amended Complaint [DE 36], which attempted to cure the deficiencies identified by the Court concerning Plaintiff's claims against the Union. On February 23, 2009, the Union filed a Motion to Dismiss the Amended Complaint [DE 38], which this Court granted on April 24, 2009. (See DE 40.) The Union filed the instant Motion seeking $3,605 in fees and $157.50 in costs.

The Union's request is made pursuant statutory law that gives the Court the discretion to award reasonable costs and fees to a prevailing party. The Union cites Section 505 of the ADA, which provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205. In addition, the Union relies on Section 706(k) of the Civil Rights Act of 1964, which states:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).

In this case, the Court will not order the Plaintiff to reimburse the Union for the costs and fees expended in connection with this litigation. The Court finds that the action was not frivolous and that it was brought by the Plaintiff in good faith. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Amalgamated Transit Union Local

2

1267's Motion for Taxation of Attorney's Fees and Costs [DE 44] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 31st day of July, 2009.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of record via CM/ECF

Christopher Bernard Fuller, Sr.
3695 NW 113th Avenue
Coral Springs, FL 33065